IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TURNER FIELDS, #R16729** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-856-GPM |
| | ) |
| DAVE REDNOUR, J MILLAN, JOHN DOE | ) |
| 1, MISTY THOMPSON, JOHN DOE 2 | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Tuan Fields, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 25 year sentence for murder, an eight year sentence for attempted murder, and a six year sentence for drug trafficking. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following is an overview of the allegations contained in Plaintiff's complaint. Plaintiff was struck by buckshot pellets and fragments when Defendant Millan, a correctional officer, fired a shotgun in the direction of Plaintiff's cell during a fight between two other inmates. Plaintiff was in his cell (#922) when a "minor scuffle" broke out between two unarmed inmates. Milan may have been attempting to break up the fight at the time the shot was fired, but Milan was not in a life-

threatening situation. Milan deliberately fired his shotgun toward Plaintiff's cell without first firing a warning shot at the target board, which was located between cells 920 and 921. Three pellets hit Plaintiff's upper left forearm, one hit his upper arm, and one embedded itself in his nose. As a result, Plaintiff suffered welts and cuts.

After Plaintiff was shot, he asked a correctional officer to send a lieutenant and a nurse or a "Med-Tec." Approximately two hours after the shooting, Defendant Thompson (Nurse) walked past Plaintiff's cell to give medication to a nearby inmate. Plaintiff explained to Thompson he had been shot and described his injuries. Thompson "smirked" and told Plaintiff there was nothing she could do. She told Plaintiff to "wash the injuries with soap and water and he [would] be fine." (Doc. 1, p. 5). While walking away, Thompson shook her head and said Plaintiff could file a grievance. Plaintiff called after Thompson, asking her name and why she was denying him medical attention. Yet Thompson kept walking and refused to acknowledge Plaintiff's injuries. Thompson simply called out, "my name is Nurse," in response to Plaintiff's request for her name.

Plaintiff filed a grievance in response for being shot on October 10, 2010. However, his counselor did not receive the grievance because the "staff destroyed it to cover up their wrongs on behalf of Defendant Millan" (Doc. 1-1, pg. 2). Plaintiff filed another grievance on November 3, 2010 regarding the same issue. That grievance was denied. Defendant Rednour (Warden) concurred in the denial. Plaintiff's grievance was also denied on appeal.

Plaintiff seeks injunctive relief along with compensatory and punitive damages.

**Discussion**

**Count 1 – Deliberate Indifference to Medical Needs**

Plaintiff claims Defendant Thompson refused to treat—or even acknowledge—Plaintiff's injuries when he had been hit with five buckshot pellets.

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition. To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010)

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Here, Plaintiff alleges he told Defendant Thompson he had been shot and that there was a pellet embedded in his nose. However, Thompson allegedly ignored Plaintiff's injuries. Even a lay person would recognize the necessity for a doctor's attention in this situation. Accordingly, Plaintiff's claim against Thompson for deliberate indifference to medical needs shall be allowed to proceed.

**Count 2 – Excessive Force**

Plaintiff alleges that Defendant Millan fired a shotgun toward Plaintiff's cell without first firing a warning shot during a minor fight between two unarmed inmates. Several pellets from Millan's shot hit and injured Plaintiff.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff claims the altercation which prompted Millan's shot was only a "minor scuffle" between two unarmed inmates. Plaintiff suggests Millan's action was not a good-faith effort to restore discipline. Accordingly, Plaintiff's claim against Millan for excessive force shall be allowed to proceed.

**Count 3 – Grievance Procedures**

Plaintiff claims the grievance he filed on October 10, 2010 was destroyed by prison staff in order to cover up Defendant Millan's actions.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The failure of state

prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Even accepting Plaintiff's contention that prison staff intentionally destroyed his grievance as true, such action does not establish a constitutional violation. This claim shall be dismissed with prejudice.

**Defendant Rednour**

Plaintiff's only allegation against Defendant Rednour in his complaint is that Defendant Rednour concurred with the denial of Plaintiff's grievance. This is not a valid claim for a violation of constitutional rights. Accordingly, Defendant Rednour shall be dismissed with prejudice.

**Unclassified Defendants**

Though Plaintiff names Defendants John Doe 1 and John Doe 2 in the caption of his complaint, he fails to list them elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which

claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants John Doe 1 and John Doe 2 elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants John Doe 1 and John Doe 2 shall be dismissed from this action without prejudice.

**Disposition**

**COUNTS 1 and 2** survive threshold review and shall receive further consideration.

**COUNT 3** fails to state a claim upon which relief can be granted and is thus **DISMISSED** with prejudice.

**DEFENDANT REDNOUR** is **DIMISSED** from this action with prejudice because Plaintiff fails to state a claim against **DEFENDANT REDNOUR**.

**JOHN DOE 1,** and **JOHN DOE 2** are **DISMISSED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **MILLAN** and **THOMPSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for pretrial proceedings. This entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full

amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 9, 2012

/s/ **G. Patrick Murphy**
G. PATRICK MURPHY
United States District Judge